THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL L. BUERSTATTE,<br><br>Defendant. | CASE NO. CR10-0153-JCC<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

This matter comes before the Court on Defendant Michael Buerstatte's second motion for early termination of supervised release (Dkt. No. 66). Having thoroughly considered the motion, accompanying letters, the input of the U.S. Probation Office and Government, and the balance of the record, the Court hereby DENIES the motion for the reasons explained herein.

I. **Background**

In April 2009, Mr. Buerstatte pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (E.D. Wash. CR08-0111-WFN Dkt. No. 82 at 1.) The Court sentenced Buerstatte to 12 months and a day in prison and 5 years of supervised release with several special conditions. (*Id.* at 2–4.) Mr. Buerstatte has had several violations of his probation conditions and the Court has twice revoked Mr. Buerstatte's term of supervised release. The Court discussed his prior violations in orders dated May 16, 2013 and August 4, 2015 and will not reiterate that discussion here. (Dkt. Nos. 38, 50.) On March 29, 2016 the Court

revoked Mr. Buerstatte's term of supervised release and imposed time served followed by two years of supervised release due to his unauthorized contact with a minor. (Dkt. No. 64.) His current term of supervised release is set to expire on March 28, 2018.

This is the second time Mr. Buerstatte has requested early termination of supervised release. (Dkt. No. 66.) He seeks early termination in order to attend an out-of-state family wedding and to accept a fulltime job he has been offered. (*Id*. at 1.) The Government and Probation oppose the motion. (Dkt. No. 68).

In responding to the instant motion, Probation notes that Mr. Buerstatte has had noncompliance issues over the last year that did not rise to the level of filing a violation memorandum. In March 2017, Mr. Buerstatte's sexual deviancy provider determined that he acted in a sexually inappropriate manner when he made sexually inappropriate comments to a 20 year-old female, waving a sex toy and showing her pornographic magazines. Mr. Buerstatte asserts that this situation was a misunderstanding that he learned from. (Dkt. No. 67-1 at 1.) However, for this behavior, Mr. Buerstatte was elevated to supervision by a U.S. Probation Office's Sex Offender Specialist for six months, which terminated in October 2017.

The Government further opposes early termination because Mr. Buerstatte has not completed sex offender treatment or finalized a sexual relapse prevention plan, and his sex offender treatment provider has not endorsed early termination. (Dkt. No. 68 at 2.) The Government also suggests that Mr. Buerstatte could work with Probation to accommodate his work and travel plans. (Dkt. No. 68 at 3.)

**II.     Early Termination**

Pursuant to 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release at any time after the expiration of one year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The Court must consider several factors in its evaluation of early termination, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter

criminal conduct, the need to protect the public from further crimes, and the need to avoid disparity. 18 U.S.C. § 3583(e).

The Court is encouraged by letters of support from Mr. Buerstatte's girlfriend, family members, and potential employer, citing his positive behavior, hard work, and recent mindfulness regarding his probation conditions. The Court recognizes the progress Mr. Buerstatte has made in overcoming opioid use and illegal pornography, and his appreciation for the treatment he has received. However, given Mr. Buerstatte's non-compliance history, Probation's concerns regarding his behavior since his last violation of his probation conditions, and uncompleted sex offender treatment the Court cannot be satisfied that termination of supervised release is warranted by his conduct and in the interest of justice. The Court therefore finds early termination inappropriate.

### III. Conclusion

For the foregoing reasons, the Court DENIES Mr. Buerstatte's motion to for early termination of supervised release (Dkt. No. 66).

DATED this 11th day of December 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE
CR10-0153-JCC
PAGE - 3